ELLIS, Judge.
The plaintiff, alleging herself to be the owner of real and personal property as described in her petition, brought a rule against the defendant to show cause why she should not be -condemned to surrender possession of the premises of the property under the provisions’of LSA-R.S. 13:4911 which reads as follows:
“When any share-cropper, half hand, day laborer, or any occupant of land holding through the accommodation of the owner, or any other occupant other than a tenant or lessee, shall be in possession of any house, building or landed estate, after the purpose of such occupancy and possession shall have ceased and terminated, whether for reason of breach or termination of contract, or otherwise, and the owner of such house, building or landed estate so occupied and possessed, or his agent, shall desire to obtain possession of the premises, he shall demand and require in writing such occupant or possessor to remove from and leave the same, allowing him five calendar days from the day such notice is delivered.”
Section 4912 of this statute provides that if the occupant refuses to comply with the notice after the expiration of such delay, *503 that the landowner may cause the occupant to be cited summarily to show cause within two days after service of the rule why he should not surrender possession of the premises so occupied and possessed. Section 4913 provides for trial of the rule on the third day after the service, and in the event judgment is given against the defendant in rule, the property shall be delivered within 24 hours.
Plaintiff in rule alleged he.r ownership of the property as per deed of record in COB 119, page 307 of the official records of Washington Parish, Louisiana, with the reservation unto James B. Chandler, vendor, of the usufruct of the property during the remainder of his natural life; that after the acquisition of the above property by Chandler the latter married Helen Holli-day, defendant in rule, and that they occupied the property as their home until the date of Chandler’s death on April 23, 1956 which, it is alleged, terminated the usufruct by Chandler of said property and that the defendant in rule has refused to remove therefrom or surrender the property to the plaintiff.
Plaintiff alleged service of written notice on the defendant in rule on June 10, 1956 and that five calendar days had elapsed since the service of the written notice to remove was made on the defendant in rule and that she still continued to occupy the property and refused to move or surrender it.
The defendant by way of answer denied the legality of the instrument or deed whereby plaintiff in rule acquired the property from James B. Chandler; that if any such purported conveyance or instrument exists, the consent and signature of James B. Chandler was not obtained and affixed thereto, other than through misrepresentation and fraud or forgery or lack of consideration. Defendant in rule admitted the reservation of usufruct to Chandler during the remainder of his natural life. Defendant further resisted the action on the ground that under Article 2460 if the acquisition of plaintiff in rulei purported to be a sale under said article, it was assumed prima facie simulated, where the seller remains in possession but reserves all the rights of occupancy for life, and that if it was not a sale by a donation under Article 1533 of the LSA-Civil Code it was null and void and transferred no property rights to the plaintiff in rule, for by the very terms of the article a donor is permitted to dispose of the enjoyment or usufruct of immovable property “but can not reserve it for himself.” Defendant therefore, contends that being a widow in necessitous circumstances and the property in question not belonging or having passed to the ownership of the plaintiff in rule because of the defenses urged, she is entitled to hold possession of the property until her rights are settled and she receives that which is accorded her as a widow under the law.
The District Court considered all of the defenses urged by the defendant in rule and rendered judgment in favor of the plaintiff in rule as prayed for and the defendant perfected an appeal.
The facts are very simple. James B. Chandler was married to a sister of the plaintiff in rule who died on January 5, 1949. After her death, a dispute evidently arose and as a result a compromise and settlement was made between the present plaintiff in rule and Chandler. The compromise was executed in the form of a deed in which plaintiff in rule paid to Chandler $1,000 cash plus the cost and expense incurred by Chandler in re-roofing the house located on the land, being the house from which plaintiff in rule is seeking by this suit to dispossess defendant in rule. This instrument according to the testimony was executed as a compromise.
James B. Chandler, not being satisfied with the instrument of January 10, 1949, filed suit entitled James B. Chandler v. Idalia Pounds Waller attacking the instrument of January 10, 1949. However, on the 31st of January, 1950 or one month prior to his marriage to the defendant in rule, *504 he and the present plaintiff in rule entered into a second compromise and settlement of their differences which is set forth in an instrument of the same date whereby the plaintiff in rule paid to James B. Chandler the sum of $1,000 which was in addition to the $1,000 previously paid under the January 10, 1949 compromise and settlement, and also plus the cost and expense incurred in roofing the house located on the land. In this instrument James B. Chandler transferred the property in question together with the household furniture and effects and personal property to the present plaintiff in rule and this instrument further stipulated:
“The vendor reserves and the vendee grants unto the vendor a full and complete usufruct of the property described under ‘First and Second’ above during the remainder of his natural life, with all the rights and subject to all the obligations of the usufructuary under the laws of the State of Louisiana.
“Third: Also included in this sale and transfer is all rights of the vendor in and to the furniture and effects and personal property removed by the’ven-dee after the death of vendor’s wife, Inez Pounds Chandler, on January 5, 1949, and vendor reserves and is granted in full ownership any and all other property which belongs to the community existing between vendor and his deceased wife
“Fourth: Vendor also renounces and ■abandons any claim or claims he has or may have in and to the separate property of his said deceased five (wife) under the laws of Louisiana, or otherwise.
“Fifth: The deed executed by vendor in favor of vendee on January 10, 1949 recorded in CB 115, page 329 of the records of this Parish is changed and amended so as to conform to this act but is otherwise ratified and confirmed.
“The consideration of this sale and agreement is the payment by the vendee of the sum of one thousand dollars cash receipt of which is acknowledged, in addition to the payment of one thousand dollars cash mentioned in said deed of January 10, 1949, plus the cost and expense incurred by the ven-dee in re-roofing the house located on the land above described.
“In consideration of the above mentioned additional amount paid by the vendee to the vendor, and the agreements and stipulations herein made, the vendor and vendee have and do hereby fully compromise, settle and adjust the above mentioned suit of James B. Chandler v. Idalia Pounds Waller, No. 10,975 and the vendor here, plaintiff in said suit, agrees to dismiss said suit and have cancelled and erased from the records the notice of lis pendens recorded in Mortgage Book 93 page 175 of this Parish, and it is mutually understood and agreed by the parties hereto that the matters and things set up and claimed in said suit are forever compromised settled, and adjusted as things adjudged under the laws of this state.”
Also introduced in evidence by counsel for plaintiff in rule was the judgment in the matter of the Succession of J. Leon Pounds, Docket No. 285 of the records of the 22nd Judicial District Court and the judgment in the matter of the Succession of Burnette Pierce Pounds, Docket No. 638 of the records of the Twenty Second Judicial District. This record was left out of the transcript, however, it is immaterial to a decision of this case although counsel for defendant in rule has, in addition, raised the question that James B. Chandler left a son or forced heir (not a party to this suit) and that if these instruments are null and void as contended the son would have inherited the property from his father. If the instrument purported to be a deed and compromise is valid, then neither the son nor the defendant in rule could prevail.
*505 The learned judge of the Lower Court held that the written compromise, viz., the recorded instrument offered in evidence by-counsel for defendant in rule overcame any presumption of simulation as provided under Article 2450 of the LSA-Civil Code, and that the defendant in rule had no right of possession after the death of her husband, James B. Chandler, and that, accordingly, since the requirements of the statute under which the rule was filed had been complied with that plaintiff in rule was entitled to a judgment.
The instrument relied upon by the plaintiff in rule whereby she acquired any right, title or interest that James B. Chandler had or might have had to the property in question was purely and simply a compromise which was binding on the parties as it was entered into in accordance with Article 3071 of our LSA-Civil Code which states:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be reduced into writing.”
While counsel has favored us with a lengthy brief, we cannot agree that the instrument which he attacked should be considered in the light of a straight sale with reservation of usufruct under Article 2480 of our LSA-Civil Code, nor as a donation under Article 1553 or our LSA-Civil Code. However, should we be mistaken in this view, we agree with the judge of the District Court that the plaintiff in rule has satisfied the provisions of Article 2480 by the proof in this case.
For the above and foregoing reasons the judgment of the District Court is hereby affirmed.